1997 SD 19

**Paul KERN and Mary Lou Schramm, Plaintiffs and Appellants,**

v.

**CITY OF SIOUX FALLS, South Dakota, Defendant and Appellee.**

No. 19615.

Supreme Court of South Dakota.

Considered on Briefs Jan. 16, 1997.

Decided Feb. 26, 1997.

Kevin Dornberger, Sioux Falls, for plaintiffs and appellants.

Lon J. Kouri and John H. Billion of May, Johnson, Doyle & Becker, Sioux Falls, for defendant and appellee.

SABERS, Justice.

[¶ 1] Two persons injured on a City-owned bike trail brought an action against the City. City was granted summary judgment on the basis of the Recreational Use Statutes. We affirm.

## FACTS

[¶ 2] Paul Kern and Mary Lou Schramm (Kern) were rollerskating on the bike trail in Kuehn Park in Sioux Falls on March 19, 1994. Both parties were injured when they tripped and fell over an uneven section of the trail.[1] They sued the City, claiming it was negligent in its maintenance and in failing to warn users of defects in the trail.

[¶ 3] City was granted summary judgment pursuant to South Dakota's Recreational Use Statutes, which limit landowners' liability when, without charging a fee, they allow persons to enter their land for recreational purposes. Kern appeals, claiming rollerskating is not included in the definition of "outdoor recreational purposes." Kern also argues that the Recreational Use Statutes violate the "open courts" provision of the state constitution.

## STANDARD OF REVIEW

[¶ 4] Our standard of review for summary judgment is well-established:

In reviewing a grant or a denial of summary judgment under SDCL 15–6–56(c), we must determine whether the moving party demonstrated the absence of any genuine issue of material fact and showed entitlement to judgment on the merits as a matter of law.... Our task on appeal is

to determine only whether a genuine issue of material fact exists and whether the law was correctly applied.

*Walz v. Fireman's Fund Ins. Co.*, 1996 SD 135, ¶ 6, 556 N.W.2d 68, 70 (1996) (quoting *Lamp v. First Nat'l Bank of Garretson*, 496 N.W.2d 581, 583 (S.D.1993)). "The burden of proof is upon the movant to show clearly that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law." *State Dep't of Revenue v. Thiewes*, 448 N.W.2d 1, 2 (S.D.1989) (citation omitted). The facts in this case are undisputed; therefore we must determine whether the trial court correctly applied the law. The construction of the Recreational Use Statutes and their application to these facts present questions of law, which we review de novo. *Johnson v. Rapid City Softball Ass'n*, 514 N.W.2d 693, 695 (S.D.1994).

[¶ 5] Because the Recreational Use statutes are in derogation of common law, they must be strictly construed. *Id.* at 696. "Since the recreational land use statute limits the common law tort liability landowners have toward [invitees], the statute should be construed to alter the common law only to the extent that the Legislature has made that purpose clear." *Id.* (citation and internal quotation omitted).

[¶ 6] **1. WHETHER THE RECREATIONAL USE STATUTES APPLY TO ROLLERSKATING ON A BIKE TRAIL**

[¶ 7] The Recreational Use Statutes grant immunity to landowners in certain circumstances. SDCL 20–9–13 provides:

Except as provided in § 20–9–16,[2] an owner of land owes no duty of care to keep the land safe for entry or use by others for outdoor recreational purposes, or to give any warning of a dangerous condition, use,

---

1. There was a two-inch concrete ledge overlaid on the bike trail, apparently built in conjunction with a drainage area.

2. SDCL 20–9–16 provides three exceptions to the landowner immunity statutes; liability may be imposed 1) for gross negligence or willful or wanton misconduct of the owner; 2) when the owner charges a fee for the outdoor recreational use of his or her land; and 3) when the owner's violation of a law or ordinance is the proximate

cause of the injury. Kern does not claim the benefit of any of these exceptions.

We note that the 1996 amendments to the Recreational Use Statutes omit the exception pertaining to fees charged by the State or its political subdivisions. *See* SDCL 20–9–20, –21 & –22 (political subdivisions' liability and exceptions); SDCL 20–9–25, –26 & –27 (State's liability and exceptions). (Supp.1996).

structure, or activity on his land to persons entering for outdoor recreational purposes. "Recreational purposes" is defined at SDCL 20–9–12(3):

> "Outdoor recreational purposes," includes, but is not limited to, any of the following activities, or any combination thereof: hunting, fishing, swimming other than in a swimming pool, boating, canoeing, camping, picnicking, hiking, biking, off road driving, nature study, water skiing, winter sports, snowmobiling, viewing or enjoying historical, archaeological, scenic or scientific sites[.] [3]

■ [¶ 8] The trial court stated that rollerskating is a "cross between bicycling and hiking." Although Kern does not dispute this characterization, he argues that all of the activities listed in the statute can be "performed or enjoyed on land in its natural undeveloped state," while rollerskating is traditionally performed only on improved land. Kern's interpretation of SDCL 20–9–12(3) is negated by the controlling definition of land: "land, trails, water, watercourses, private ways and agricultural structures, and machinery or equipment if attached to the realty[.]" SDCL 20–9–12(2).[4] The inclusion of "agricultural structures" and "machinery or equipment" weakens the argument that the

---

**3.** This definition was expanded by the 1996 amendments. *See* SDCL 20–9–19(2) & SDCL 20–9–24(2) (Supp.1996) (providing identical definitions for application to the State or to its political subdivisions):

> "Outdoor recreational purpose," includes any of the following activities or any combination thereof: hunting, fishing, swimming other than in a swimming pool, boating, canoeing, kayaking, camping, picnicking, hiking, biking, horseback riding, off-road driving, nature study, water skiing, team sports, snowmobiling, skiing, climbing, spelunking, para-sailing, hang gliding, shooting, observing wildlife, viewing or enjoying historical, archaeological, scenic or scientific sites, or engaging in any other form of outdoor sport or recreational activity of any sort.

This accident occurred before these statutes were amended, so the prior definition applies in this case.

**4.** The definition of "land" concerning the State or its political subdivisions was also changed in the 1996 amendments. *See* SDCL 20–9–19(1) (Supp.1996) (political subdivisions definition):

Legislature intended to exclude activities enjoyed on land where manmade structures are present. *See also* SDCL 20–9–13 (no duty to warn of dangerous structure). Furthermore, "trails" are specifically listed and Kern does not argue that the Kuehn Park bike trail is not a "trail." *See Johnson*, 514 N.W.2d at 696 ("[T]he essential character of the property should fit within the intent of the statute.") (citing *Miller v. City of Dayton*, 42 Ohio St.3d 113, 537 N.E.2d 1294, 1296 (1989) ("The analysis should focus on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public.")).

> The goal is to determine the character of the premises. If the premises qualify as being open to the public for recreational activity, the statute does not require a distinction to be made between plaintiffs depending upon the activity in which each was engaged at the time of injury. For example, we recognize immunity to the owner of a park ... whether the injury is to one who is jogging in the park, tinkering with a model airplane or reading poetry to satisfy a school homework assignment.

*Miller*, 537 N.E.2d at 1297.

■ [¶ 9] In *Johnson*, we noted the three purposes of recreational use statutes:

> "Land," all land, trails, water, watercourses, lakes, ponds, reservoirs, or improvements to real property, except for machinery and equipment on or attached to the realty, when located on lands owned, leased, or managed by any political subdivision of South Dakota, all areas designated as snowmobile, equestrian, hiking, or other recreational trails by any political subdivision of South Dakota, all private lands leased by any political subdivision of South Dakota, for public hunting, and all lands owned, leased, or operated by any political subdivision of South Dakota and operated as a park[.]

*See also* SDCL 20–9–24(1) (Supp.1996) (State definition):

> "Land," all land, trails, water, watercourses, lakes, ponds, reservoirs, or improvements to real property, except for machinery and equipment on or attached to the realty, when located on lands owned, leased, or managed by the South Dakota Department of Game, Fish and Parks, all areas designated as snowmobile, equestrian, hiking, or other recreational trails by the State of South Dakota, and all private lands leased by the State of South Dakota for public hunting[.]

1. To encourage landowners to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes;

2. To refuse to impose upon farmers or other owners of vast tracts of land a duty of reasonable care to visitors who enter for recreational purposes because it would be burdensome and unfair, and

3. To encourage landowners to allow sportsmen to hunt on forest land for the purpose of thinning out excessively large herds of animals which were inhibiting forest production.

514 N.W.2d at 695 (citations omitted).

■ [¶ 10] Even though we strictly construe these Recreational Use statutes because they are in derogation of the common law, *id.* at 696, we find no legislative intent to limit "recreational purposes" to activities performed or enjoyed only on undeveloped land. We hold that the statutes, read in conjunction with "trails," in this context impliedly include rollerskating on this improved bike trail. Therefore, summary judgment to the City is affirmed.

### [¶ 11]  2. CONSTITUTIONALITY OF THE RECREATIONAL USE STATUTES

■ [¶ 12] Kern argues that the Recreational Use Statutes violate the "open courts" provision of the state constitution. *See* SD Const. art. VI, § 20:

All courts shall be open, and every man for an injury done him in his property, person or reputation, shall have remedy by due course of law, and right and justice, administered without denial or delay.

Kern did not raise this issue to the trial court. It is well established that the constitutionality of a statute cannot be raised for the first time on appeal. *Sharp v. Sharp,* 422 N.W.2d 443, 445 (S.D.1988); *Carr v. Core Indus.,* 392 N.W.2d 829, 830 (S.D.1986); *Bayer v. Johnson,* 349 N.W.2d 447, 449 (S.D. 1984). This is a rule of procedure, not jurisdiction, and this court may consider a matter for the first time on appeal if faced with a "compelling case." *Sharp,* 422 N.W.2d at 445–46. However, the attorney general must be allowed to participate. The person challenging the constitutionality of a statute must give notice to the attorney general of the pendency of the action. SDCL 15–6–24(c).

■ [¶ 13] Kern failed to provide notice of this constitutional challenge to the attorney general as required by SDCL 15–6–24(c); *West Two Rivers Ranch v. Pennington Cty.,* 1996 SD 70, ¶ 15, 549 N.W.2d 683, 687 (1996) (citing *Hofer v. Board of County Comm'rs,* 334 N.W.2d 507, 508–09 (S.D.1983)). Ordinarily, we will not rule on the constitutionality of a statute unless the attorney general has been notified. When an adjudication of unconstitutionality may seriously affect the general public, it is proper for the attorney general to appear on behalf of the Legislature and the people. *West Two Rivers,* 1996 SD 70 at ¶ 15, 549 N.W.2d at 687 (citing *Sharp,* 422 N.W.2d at 446; *Sioux Falls Argus Leader v. Young,* 455 N.W.2d 864, 870 (S.D. 1990)). In light of this authority, we will not address the constitutionality issue, as it was waived by Kern's failure to raise it below and the failure to give notice to the attorney general.

[¶ 14] Affirmed.

[¶ 15] MILLER, C.J., and AMUNDSON, KONENKAMP and GILBERTSON, JJ, concur.

