Unified Judicial System

 

 
 Formatting provided courtesy of State Bar of South Dakota and South Dakota Continuing Legal Education, Inc.
222 East Capitol Ave.
Pierre, SD 57501-2596 
JAMES C. BRUGGEMAN,
Appellant,
v.
SOUTH DAKOTA CHEMICAL DEPENDENCY COUNSELOR CERTIFICATION BOARD,
Appellee.
[1997 SD 132]
South Dakota Supreme Court
Appeal from the Eighth Judicial Circuit, Butte County, SD
Hon. John W. Bastian, Judge
#19662 -- Reversed
Thomas J. Welk, Tamara A. Wilka
Boyce, Murphy, McDowell & Greenfield, Sioux Falls, SD
Attorneys for Appellant.
Gene N. Lebrun, Lynn, Jackson, Shultz & Lebrun, Rapid City, SD
Attorneys for Appellee.
Argued Feb 18, 1997; Reassigned Oct 31, 1997
Opinion Filed Dec 10, 1997
SABERS, Justice (on reassignment).
[Â¶1] Circuit court dismissed appeal of a South Dakota Chemical Dependency Counselor Certification Board decision, ruling it was not an agency for purposes of an administrative appeal. We reverse and remand.
FACTS 
[Â¶2] James Bruggeman worked in Belle Fourche as director of program development at the Addiction Family Resource Center, an alcohol prevention and treatment facility co-founded by Bruggeman and accredited by the Division of Drug and Alcohol Abuse (Division). Bruggeman was first certified as a chemical dependency counselor by the South Dakota Chemical Dependency Counselor Certification Board (CCB) in the 1980's and his certification was current when this matter arose.
[Â¶3] CCB is a South Dakota nonprofit corporation. Its stated purpose is to "credential alcohol and drug professionals with generally accepted standards of professionalism and competence, using valid and reliable examinations; and the promotion of professional development."
[Â¶4] In early 1995, two women filed complaints concerning Bruggeman with CCB's Ethics Committee. Criminal charges were brought with respect to the allegations of one of the women. That case went to trial, at which Bruggeman was acquitted on charges of second degree rape and sexual penetration by a psychotherapist.
[Â¶5] CCB's Ethics Committee revoked Bruggeman's certification following a hearing. He appealed to CCB's Board of Directors, which affirmed the revocation. Bruggeman appealed to the circuit court under the South Dakota Administrative Procedure Act (APA), SDCL ch. 1-26. CCB moved to dismiss the appeal, arguing that it was not an "agency" subject to the APA, and therefore, that the circuit court was without jurisdiction to conduct an appeal. The circuit court agreed with CCB and dismissed the appeal for lack of jurisdiction.
STANDARD OF REVIEW 
[Â¶6] We review jurisdictional challenges de novo. Red Fox v. Hettich, 494 NW2d 638, 642 (SD 1993) (citing State v. Spotted Horse, 462 NW2d 463, 465 (SD 1990), cert. denied, 500 US 928, 111 SCt 2041, 114 LEd2d 125 (1991)). This appeal requires us to construe SDCL ch. 1-26 and various statutes and administrative rules which govern 1) the certification of chemical dependency counselors and 2) the facilities which employ those counselors. The construction of statutes and administrative rules present questions of law, also reviewed de novo. Kern v. City of Sioux Falls, 1997 SD 19, Â¶4, 560 NW2d 236, 237; Hieb v. Opp, 458 NW2d 797, 800 (SD 1990).
[Â¶7] Whether CCB Is An Agency And Its Decisions Subject To Judicial Review.
[Â¶8] We must analyze South Dakota statutes to determine whether Bruggeman has a right of appeal from CCB's decision. "[T]he right to appeal is statutory and no appeal may be taken unless a statute clearly authorizes one." Fullmer v. State Farm Ins. Co., 514 NW2d 861, 865-66 (SD 1994) (collecting cases). SDCL 1-26-30 provides, in relevant part:

A person who has exhausted all administrative remedies available within any agency or a party who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter.
[Â¶9] Where the term "agency" is defined by statute, the statutory definition is controlling. Frawley Ranches, Inc. v. Lasher, 270 NW2d 366, 371 (SD 1978). "Agency" is defined as

each association, authority, board, commission, committee, council, department, division, office, officer, task force, or other agent of the state vested with the authority to exercise any portion of the state's sovereignty ... .
SDCL 1-26-1(1) (emphasis added). Division is an agency within the Department of Human Services. SDCL 1-36A-1.3(3). The Legislature has authorized Division to adopt rules for, among other areas, "staff qualifications." SDCL 34-20A-27(5). Accordingly, Division adopted ARSD 44:14:27:05, which provides:

Agency staff providing chemical dependency counseling must meet the standards for a Level I, II, or III counselor published by CCB as of January 1, 1985. A certificate issued by CCB is evidence of meeting the standards for a counselor. Counselor trainees may provide chemical dependency counseling provided that the trainee meets the standards published by CCB as of January 1, 1985. A certificate of recognition issued by CCB is evidence of meeting the standards for a trainee.
(Emphasis added). By vesting the power to set the staff qualifications for chemical dependency counselors with CCB, Division adopted these standards as its own rules. See SDCL 1-26-6.6.(fn1)  Accordingly, any action taken under those rules is an exercise of the "state's sovereignty" (SDCL 1-26-1(1)), and is governed by SDCL ch. 1-26. See SDCL 34-20A-40: "The division [of drug and alcohol abuse] in the adoption of standards and in the promulgation of other rules and regulations shall be governed by the provisions of chapter 1-26."(fn2) 
[Â¶10] The import of being "governed by the provisions of chapter 1-26" is obvious; the revocation of a license is a "contested case." "Contested case" is defined as "a proceeding, including rate-making and licensing,(fn3)  in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing ... ." SDCL 1-26-1(2). Judicial review is available in a contested case.(fn4)  SDCL 1-26-30.
[Â¶11] The very definition of "chemical dependency counselor" demonstrates that CCB certification is required of chemical dependency counselors at accredited facilities. See SDCL 34-20A-2(4): "'Chemical dependency counselor,' [is defined as] a level II or III counselor certified by the South Dakota chemical dependency counselor certification board, incorporated[.]" Even Division acknowledges that "[t]o be eligible to work as a chemical dependency counselor within a State accredited alcohol and drug program in South Dakota, you must be certified by [CCB]." (Emphasis added).(fn5)  This explains why ARSD 44:14:22:02(9) provides that any agency seeking Division accreditation must provide the certification status of its chemical dependency counselors. See also SDCL 36-32-11: "No person may represent himself as a licensed or certified chemical dependency counselor (CCDC) unless he is certified by the South Dakota chemical dependency counselor certification board."
[Â¶12] Because Bruggeman cannot practice as a chemical dependency counselor in the absence of certification by CCB, he has a right of appeal. This court previously noted that

the revocation of a license of a professional man carries with it dire consequences. It not only involves necessarily disgrace and humiliation, but it means the end of his professional career. In a proceeding so serious, due process of law requires a definite charge, adequate notice and a full, fair and impartial hearing.
In re Schramm, 414 NW2d 31, 35 (SD 1987) (citation omitted). It is axiomatic that due process of law requires proper judicial review. Compare Cary v. City of Rapid City, 1997 SD 18, Â¶23, 559 NW2d 891, 896, where we recently stated:

The ultimate determination of the public's best interest is for the legislative body, not a minority of neighboring property owners. Delegations of legislative authority which allow this ultimate decision to be made by a minority of property owners without an opportunity for review are unlawful.
(Citation omitted); cf. Schramm, 414 NW2d at 36-37 (reversing and remanding so expert testimony could be put in the record in suspension of license by South Dakota State Board of Dentistry):

[T]his court adopts the rationale of the majority of jurisdictions and holds that where the issues of competence and negligence are of a complicated nature, expert testimony is required to establish the proper "competency standards" and whether or not they are met. To do otherwise would render this appellate court's review meaningless, as absent expert testimony, we cannot, by telepathy, act as mind readers determining from an empty record the factual determinations of the Board members. Administrative expertise would then be on its way to becoming a monster which rules with no practical limits on its discretion.
(Citations & footnote omitted). If revocation of Bruggeman's certification were allowed to go unreviewed, then CCB would have achieved the status of "a monster which rules with no practical limits on its discretion." Id. Accordingly, we reverse and remand.
[Â¶13] MILLER, Chief Justice, and AMUNDSON and GILBERTSON, Justices, concur.
[Â¶14] ROEHR, Circuit Judge, dissents.
[Â¶15] ROEHR, Circuit Judge, sitting for KONENKAMP, Justice, disqualified.
ROEHR, Circuit Judge (dissenting).
[Â¶16] I respectfully dissent.
[Â¶17] As noted by the majority, the term "agency" is defined by SDCL 1-26-1(1). Under the statute CCB is not a "board ... the state," nor is it "vested with the authority to exercise any portion of the state's sovereignty." It is not an agency.
[Â¶18] We have not previously decided if a particular nonprofit corporation or association is an agency. Other jurisdictions, with similar statutes, have; their analysis is helpful.
[Â¶19] The Michigan Administrative Procedures Act defines agency as "A state department, bureau, division, section, board, commission, trustee, authority or officer, created by the constitution, state, or agency action." League Gen. Ins. v. Catastrophic Claims, 458 NW2d 632, 635 (Mich 1990). In League Gen. Ins. the Michigan Supreme Court was called upon to decide if the Michigan Catastrophic Claims Association (MCCA), an unincorporated, nonprofit association of private insurers, was an agency subject to their Administrative Procedures Act. The Court made a two-pronged inquiry. First, was the MCCA a state board and, second, was it created by the constitution, statute, or agency action? The second prong was not in dispute; their analysis focused on the first prong. That Court used a functional analysis of the MCCA:

We must ... look behind the name to the thing named. We must examine its character, its relations, and its functions to determine, indeed, whether it is an agency or instrumentality of State government. Id. at 636 (quoting Advisory Opinion, 158 NW2d 416 (Mich 1968)).
The Michigan State Commissioner of Insurance appointed five directors to the MCCA Board and was an ex officio nonvoting member; the MCCA levied mandatory assessments against its members. However, the Michigan Court determined that his participation was not pervasive or controlling enough to make the MCCA a state agency. Their Administrative Procedures Act did not apply.
[Â¶20] Iowa's Administrative Procedures Act defines agency as "Each board, commission, department, officer or other administrative office or unit of the state." Graham v. Baker, 447 NW2d 397, 399 (Iowa 1989). In Graham the Iowa Supreme Court determined that a nonprofit organization which had contracted with the state to provide farm mediation services was not an agency. In making that determination, the Court used a functional test. Among the factors it considered in making this determination were "the scope of the putative agency's authority, how it was administered and controlled, source of its funds, the derivation of its rules, and the selection of its members." Id. at 399.
[Â¶21] CCB is governed by a thirteen member board of directors. Five directors must be representatives of the South Dakota Chemical Dependency Association. The other eight directors consist of one representative from each of the following: Department of Human Services, Division of Alcohol & Drug Abuse; Department of Human Services, Division of Mental Health; USD Alcohol & Drug Abuse Studies; Department of Human Services, Division of Rehabilitative Services; Indian Health Services; Licensed Attorney, State of South Dakota; Prevention Specialist; and Aberdeen Area Alcoholism Program Directors Association. The board of directors fills vacancies by electing directors from nominees solicited by CCB's nominating committee. CCB has no members. Its purpose, as set out in its bylaws, is to certify chemical dependency counselors with generally accepted standards of professionalism and competence. According to its Certification Standards Manual, certification establishes credentials for a counselor's ability to deliver competent and professional counseling services; qualifies a counselor to receive third-party pay reimbursement; gives a counselor reciprocity and credentials in thirty-nine states, District of Columbia, Canada and the U.S. Air Force and Navy; allows agencies to qualify and maintain accreditation by meeting state and federal standards for certified counselors; assures the public that counseling for individual and family needs meets official standards and requirements; and assures the public that counselors meet requirements for third-party pay when it applies. The record contains no information regarding CCB's finances and funding.
[Â¶22] Although the South Dakota Department of Human Services has some representation on CCB's board of directors, it does not dominate or control the board. Applying the functional analysis of League Gen. Ins. and Graham, CCB is not a board of the state.
[Â¶23] Second, CCB does not have authority to exercise any part of the state's sovereignty. The majority concludes that CCB certification is required of chemical dependency counselors at accredited facilities. It is not. ARSD 44:14:27:05 requires that chemical dependency counselors at accredited facilities meet standards published by CCB as of January 1, 1985. Although certification by CCB is evidence of meeting these standards, this certification is not required. If a counselor meets CCB standards, the counselor may be employed at a facility accredited by the division, regardless of whether or not the counselor holds CCB certification. The assertion in paragraph 11 and footnote 5 of the majority opinion that Division would require actual CCB certification has no basis in the record. It is based upon a Division letter which is not part of the settled record.
[Â¶24] CCB revocation of Bruggeman's certification denies him the benefits of certification set forth in its Certification Standards Manual. It also prevents him from holding himself out to be a licensed or certified chemical dependency counselor. SDCL 36-32-11.
[Â¶25] However CCB's revocation does not prevent Bruggeman from obtaining a determination by Division that he meets CCB standards. With this determination, he could be employed as counselor by an accredited facility. Since Division is an agency, Bruggeman would be entitled to judicial review from an adverse decision by Division.
[Â¶26] Finally, CCB revocation does not prevent Bruggeman from obtaining a license to practice counseling under SDCL Chapter 36-32.
[Â¶27] The majority unnecessarily elevates CCB, a nonprofit corporation, to the status of a state agency. I would affirm.
Footnotes 
1.  SDCL 1-26-6.6 provides:

An agency may adopt other comprehensive regulations as its own by making reference to them in a rule, but only when the comprehensive regulations are published by an organization which is not part of the state government and only when the publication is generally available to the public at a reasonable cost. A rule which incorporates material by reference shall describe the exact section or portion of the publication which is being incorporated. Immediately following a rule which incorporates published material by reference, other than material contained in the code of federal regulations, the federal register, the United States code or the United States statutes at large, the agency shall place a reference note which identifies the publication by its title, date of publication or enactment and author, and which states where the publication may be obtained and its cost, if any. A statement shall be attached to the face of the publication which shall state the agency's name, the section number of the rule which incorporates the material within and the date the rule was served pursuant to Â§1-26-4 or Â§1-26-5 or filed pursuant to Â§1-26-6. 
2.  Additionally, to the extent that CCB promulgates standards for certification, it acts as Division's agent. Therefore, its decisions made while acting in that capacity would be chargeable to Division, an agency from which an appeal can indisputably be brought. 
3.  "Licensing" includes the revocation of a license, and "license" includes "certificate." SDCL 1-26-1(4) & (5). 
4.  Even if we were to conclude that CCB is not an agency, which it clearly is, Bruggeman would still be entitled to a hearing subject to appellate review. In Carlson v. Hudson, 277 NW2d 715, 718 (SD 1979), this court noted the three ways that a hearing can be required by law: 1) a statutory requirement, 2) an agency rule requirement, or 3) a due process constitutional requirement. It is settled law that one who has secured a license to practice his or her profession has a property right in that license which cannot be taken away without due process of law. See, e.g., In re Zar, 434 NW2d 598, 600 (SD 1989); In re Schramm, 414 NW2d 31, 34 (SD 1987); SDCL 1-26-29. 
5.  This is a quote from a letter concerning Bruggeman written by the Director of Division. The certification requirement is further evidenced by the many instances where only a certified chemical dependency counselor may act. See, e.g., SDCL 34-20A-72; 34-20A-75; 34-20A-76.1; 34-20A-86; 36-32-11; see also ARSD 44:14:27:05; 44:14:27:13; 44:14:31:02; 67:16:11:03.04(2); 67:16:11:03.17(2).