#24191-a-BASTIAN, Circuit Judge
**2007 SD 96**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

ARGUS LEADER,                                   Plaintiff and Appellant,

    v.

JAMES D. HAGEN, in his official
Capacity as Secretary of the
South Dakota Department of Tourism
and State Development,                           Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT
OF THE SIXTH JUDICIAL CIRCUIT
HUGHES COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE MAX A. GORS
Judge

\* \* \* \*

JON E. ARNESON                              Attorney for plaintiff
Sioux Falls, South Dakota                   and appellant.

NEIL FULTON of
May, Adam, Gerdes & Thompson                Attorneys for defendant
Pierre, South Dakota                        and appellee.

\* \* \* \*

ARGUED
APRIL 23, 2007

OPINION FILED 9/12/07

#24191
BASTIAN, Circuit Judge

[¶1.] The Sioux Falls Argus Leader newspaper (Argus Leader) sought a writ of mandamus compelling James D. Hagen (Secretary Hagen), then Secretary of Tourism and State Development,[1] to release the invitation list for the 2005 Governor's Invitational Pheasant Hunt (Governor's Hunt). Argus Leader appeals from the decision of the circuit court denying its application for a writ of mandamus. We affirm.

## FACTS AND PROCEDURAL HISTORY

[¶2.] The Governor's Office of Economic Development (GOED) is within the South Dakota Department of Tourism and State Development (Department). The purpose of GOED is to "forge a private-public partnership among state government, local communities, higher education, and the private sector to create jobs that create goods and services for use within the state and for export outside the state, which results in the creation of new wealth." SDCL 1-52-3.2. GOED is to "seek new employment opportunities, strengthen existing employment opportunities, and spawn new and innovative economic development opportunities[.]" SDCL 1-52-3.3.

[¶3.] Department and GOED annually conduct the Governor's Hunt to showcase the state to businesses and entrepreneurs with the potential to locate new businesses within the state or expand existing businesses within or into the state. The Governor's Hunt is hosted by the Governor and funded by donations of sponsoring individuals and businesses; taxpayer funds are not used. GOED works with the Office of the Governor to formulate the invitation list. According to the Secretary's affidavit, the invitees include targeted business prospects and

---

1. Hagen resigned as Secretary after this mandamus action was filed.

individuals in the business community who can facilitate the expansion or introduction of business in the state. The list of business prospects invited to the Governor's Hunt is used by GOED in an ongoing deliberative manner for further communication and business development.

[¶4.] On December 30, 2005, Argus Leader filed an application for an alternative writ of mandamus in the Sixth Judicial Circuit seeking access to the invitation list for the 2005 Governor's Hunt. A hearing was held by the circuit court on March 6, 2006. The evidentiary record consists of the Secretary's affidavit and exhibits submitted by Argus Leader.

[¶5.] The circuit court issued its memorandum decision denying Argus Leader's application for a writ of mandamus on April 21, 2006, and subsequently entered findings of fact and conclusions of law. The circuit court concluded that Secretary Hagen was given discretion not to release the invitation list to the public under agency specific statutes. The court further held that the general public records statute, SDCL 1-27-1, did not require Secretary Hagen to keep the invitation list available and open for inspection because no statute mandates its retention. The circuit court did not address Secretary Hagen's claim of executive privilege.

[¶6.] Argus Leader appeals claiming that the invitation list is a public record open to inspection under SDCL 1-27-1 and SDCL 1-26-2. Further, it argues that the agency specific statutes, SDCL 1-33-19.2 and SDCL 1-52-3.4, do not give the Secretary discretion to refuse to allow public inspection. It also asserts that executive privilege does not apply to the invitation list.

#24191

## STANDARD OF REVIEW

[¶7.] The standard of review for the grant or denial of a writ of mandamus is abuse of discretion. *Schafer v. Deuel County Bd. of Com'rs*, 2006 SD 106, ¶4, 725 NW2d 241, 243 (citing *Atkinson v. City of Pierre*, 2005 SD 114, ¶10, 706 NW2d 791, 795; *Lang v. Western Providers Physician Organization*, 2004 SD 107, ¶7, 688 NW2d 403, 405; *Black Hills Central RR Co. v. Hill City*, 2003 SD 152, ¶9, 674 NW2d 31, 34). "'An abuse of discretion refers to a discretion exercised to an end or purpose not justified by, and clearly against reason and evidence.'" *Schafer*, 2006 SD 106, ¶4, 725 NW2d at 243 (quoting *Baker v. Atkinson*, 2001 SD 49, ¶12, 625 NW2d 265, 270 (other citations omitted)). In applying this standard, this Court does not determine whether it would make a like decision, but rather whether a judicial mind, considering the law and the facts, could have reached a similar decision. *Id.* Questions of statutory interpretation and application are reviewed under the de novo standard of review with no deference to the circuit court's decision. *Schafer*, 2006 SD 106, ¶5, 725 NW2d at 243 (citing *Lewis & Clark Rural Water Sys., Inc. v. Seeba*, 2006 SD 7, ¶12, 709 NW2d 824, 830 (other citations omitted)).

## ANALYSIS AND DECISION

### ISSUE

[¶8.] **Whether the circuit court abused its discretion in denying the writ of mandamus.**

[¶9.] "'[A] writ of mandamus is an extraordinary remedy that will issue only when the duty to act is clear[.]'" *Wagner v. Wagner*, 2006 SD 31, ¶10, 712 NW2d

-3-

653, 657 (quoting *Baker*, 2001 SD 49, ¶16, 625 NW2d at 271) (alteration in original). "'To prevail in seeking a Writ of Mandamus, the petitioner must have a clear legal right to performance of the specific duty sought to be compelled and the respondent must have a definite legal obligation to perform that duty.'" *Wagner*, 2006 SD 31, ¶10, 712 NW2d at 657 (emphasis omitted) (quoting *Baker,* 2001 SD 49, ¶16, 625 NW2d at 271 (citing Sorrels v. Queen of Peace Hosp., 1998 SD 12, ¶6, 575 NW2d 240, 242)).

> Mandamus is a potent, but precise remedy. Its power lies in its expediency; its precision in its narrow application. It commands the fulfillment of an existing legal duty, but creates no duty itself, and acts upon no doubtful or unsettled right.

Jensen v. Lincoln Co. Bd. of Com'rs, 2006 SD 61, ¶10, 718 NW2d 606, 610 (quoting *Sorrels*, 1998 SD 12, ¶6, 575 NW2d at 242). "[M]andamus is appropriate only when the duty to act is unequivocal." *Jensen*, 2006 SD 61, ¶10, 718 NW2d at 610. Therefore, this Court must determine whether the Secretary has a clear and unequivocal duty to allow public inspection of the invitation list for the Governor's Hunt.

### A. SDCL 1-27-1

[¶10.] Argus Leader asserts that the invitation list is a public record which is open to inspection under SDCL 1-27-1. It cites to SDCL 1-27-9(2) and (4)(a) for a definition of a state agency record.[2] It argues that the Governor's Hunt is an official

---

2. SDCL 1-27-9 provides in pertinent part:

    As used in §§ 1-27-9 to 1-27-18, inclusive:

    * * *

government function and the invitation list is used in conducting the Governor's Hunt. It claims that the invitation list falls within the definition of a public agency record.

[¶11.] SDCL ch 1-27 pertains generally to public records and files. SDCL 1-27-1 provides, in relevant part:

> If the keeping of a record, or the preservation of a document or other instrument is required of an officer or public servant under any statute of this state, the officer or public servant shall keep the record, document, or other instrument available and open to inspection by any person during normal business hours. Any employment examination or performance appraisal record maintained by the Bureau of Personnel is excluded from this requirement.

[¶12.] "Interpreting statutes according to their plain language is a primary rule of statutory construction." State v. Young, 2001 SD 76, ¶6, 630 NW2d 85, 87 (citing Nickerson v. American States Ins., 2000 SD 121, ¶11, 616 NW2d 468, 470).

---

> (2) "Record" means document, book, paper, photograph, sound recording, or other material, regardless of physical form or characteristics, made or received pursuant to law or ordinance or in connection with the transaction of official business. Library and museum material made or acquired and preserved solely for reference or exhibition purposes, extra copies of documents preserved only for convenience of reference, and stocks of publications and of processed documents are not included within the definition of records as used in §§ 1- 27-9 to 1-27-18, inclusive;
>
> * * *
>
> (4) "State record" means:
>
> > (a) A record of a department, office, commission, board, or other agency, however designated, of the state government[.]

SDCL 1-27-1 provides that a document is open to public inspection "[i]f the keeping of a record, or the preservation of a document or other instrument is required of an officer or public servant under any statute of this state[.]"

[¶13.] The intent of a statute is determined from what the legislature said, rather than what the courts think it should have said, and the court must confine itself to the language used. Benson v. State of SD, 2006 SD 8, ¶71, 710 NW2d 131, 158 (quoting Martinmaas v. Engelmann, 2000 SD 85, ¶49, 612 NW2d 600, 611). Words and phrases in a statute must be given their plain meaning and effect. *Id.* When the language in a statute is clear, certain and unambiguous, there is no reason for construction, and the Court's only function is to declare the meaning of the statute as clearly expressed. *Id.*

[¶14.] The language of SDCL 1-27-1 is clear and unambiguous. Argus Leader is correct that there is a presumption of openness under SDCL 1-27-1, but only if the record or document is required by statute to be kept or maintained. Argus Leader's expansive interpretation of SDCL 1-27-1 would make every document generated by or in the possession of government a public record with the accompanying requirement that it be maintained. This would include such things as ephemeral notes and phone messages.

[¶15.] "In construing a statute, we presume 'that the legislature did not intend an absurd or unreasonable result' from the application of the statute." State v. Wilson, 2004 SD 33, ¶9, 678 NW2d 176, 180 (quoting State v. I-90 Truck Haven Service, Inc., 2003 SD 51, ¶3, 662 NW2d 288, 290) (citing *Martinmaas*, 2000 SD 85, ¶49, 612 NW2d at 611)). Argus Leader dismisses this argument by maintaining that "[r]easonableness in the form of 'common sense, democratic philosophy,

constitutional principles and legislative reality'" tempers its position. This Court,
however, must apply the language of the statutes as enacted by the legislature.
SDCL 1-27-1 requires open inspection of any record required by statute to be
maintained. Argus Leader concedes that there is no statutory requirement for
Secretary Hagen to maintain a list of invitees to the Governor's Hunt. The
legislature has shown an ability to require that certain records be maintained and,
therefore, open for inspection.[3]

---

3.      *See e.g.* SDCL 1-25-3 ("Any board or commission of the various departments
        of the State of South Dakota shall keep detailed minutes of the proceedings of
        all regular or special meetings. The minutes shall be available for inspection
        by the public at all times at the principal place of business of the board or
        commission."); SDCL 4-1-2 ("A record of the proceedings of the State Board of
        Finance shall be kept in the Office of the Secretary of State and be open at all
        times to public inspection."); SDCL 4-8A-8 ("The Bureau of Finance and
        Management shall keep a record of all authorizations of transfers and make
        them available for public inspection."); SDCL 4-11-3 (Special audit,
        investigation or examination of any charitable or nonprofit corporation on
        Governor's order filed with Secretary of State and open to public inspection);
        SDCL 5-18-18.2 ("A record of the names of the suppliers, the quotations
        received and the procurement procedures used in purchasing shall be
        documented, spread upon the minutes and retained on file by the governing
        board" of local unit of government.); SDCL 6-17-11 ("The person in charge of
        an election shall preserve all petitions requesting a resolution for at least two
        years. The petitions are open to public inspection upon reasonable request.");
        SDCL 7-18A-23 ("The auditor shall preserve all petitions invoking the
        referendum for at least two years. The petitions shall be open to public
        inspection upon reasonable request."); SDCL 10-12-7 (local levies filed with
        county auditor as permanent record and open to public inspection); SDCL 12-
        4-2 (county auditor to maintain voter registration records); SDCL 13-8-43
        ("All reports, books, records, contracts, and papers in the office of the
        business manager relating to school business in the district shall be retained
        in the office of the business manager[.]"); SDCL 26-6-11 ("The final reports of
        inspections required by this chapter shall be kept on file by the Department
        of Social Services and shall be open to public inspection."); SDCL 40-37-18
        ("The secretary-treasurer of each predator control district shall keep accurate
        records of the proceedings of the board of directors and of all receipts and
        disbursements of district funds. Such records shall be open to public
        inspection."); SDCL 46A-9-37 (The board of directors of water user districts
        "shall cause to be kept accurate minutes of its meetings and accurate records

[¶16.] SDCL 1-27-1 does not give the Secretary a clear and unequivocal duty to allow public inspection of the invitation list for the Governor's Hunt. Accordingly, mandamus cannot issue.

### B. SDCL 1-26-2

[¶17.] Argus Leader also argues that the invitation list is open to public inspection pursuant to SDCL 1-26-2 which provides:

> Each agency shall make available for public inspection all rules, final orders, decisions, opinions, intra-agency memoranda, *together with all other materials*, written statements of policy or interpretations formulated, adopted, or used by the agency in the discharge of its functions. An agency shall hold confidential materials derogatory to a person but such information shall be made available to the person to whom it relates.

(emphasis added). It argues that the Department is an agency under SDCL ch 1-26, that the invitation list is "other materials" and the Governor's Hunt is a function of the Department. Therefore, Argus Leader argues that SDCL 1-26-2 compels the Department to provide public access.

[¶18.] Under the canon of statutory construction known as *ejusdem generis,* "'where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated.'" Nielson v. AT&T Corp., 1999 SD 99, ¶15, 597 NW2d 434, 439 (quoting In re Grievance of Wendell, 1998 SD 130, ¶7, 587 NW2d 595, 597 (quoting Black's Law Dictionary 517 (6th ed 1990))). Therefore, the meaning of "all

---

and books of account, conforming to approved methods of bookkeeping, clearly setting out and reflecting the entire operation, management, and business of the district."). This list is not exhaustive, but demonstrates that the legislature knows how to require that a record or document be maintained or kept.

other materials" in SDCL 1-26-2 is discerned by considering the context in which it is used.

[¶19.] SDCL ch 1-26 is the South Dakota Administrative Procedures Act. It addresses the promulgation of administrative rules and the conduct of contested administrative hearings. Applying the principle of *ejusdem generis*, "all other materials" is limited to the context of promulgation of administrative rules and resolution of administrative proceedings. Construing the language "all other materials" to provide public inspection of any document in the possession of an agency would be an absurd and unreasonable application of the statute. Therefore, SDCL 1-26-2 does not mandate the public inspection of the invitation list.

### C. Agency Specific Statutes

[¶20.] The legislature has created limitations to the open inspection policy of SDCL 1-27-1. SDCL 1-27-3 provides that "Section 1-27-1 shall not apply to such records as are specifically enjoined to be held confidential or secret by the laws requiring them to be so kept." Additionally, SDCL 1-27-33 provides:

> The provisions of this chapter do not supersede more specific provisions regarding public access or confidentiality elsewhere in state or federal law.

[¶21.] The latter statute is consistent with the rule of statutory construction which provides that "'[w]hen the question is which of two enactments the legislature intended to apply to a particular situation, terms of a statute relating to a particular subject will prevail over the general terms of another statute.'" *Benson*, 2006 SD 8, ¶71, 710 NW2d at 158 (quoting *Martinmaas*, 2000 SD 85, ¶49, 612 NW2d at 611) (other citations omitted).

[¶22.] Two statutes are primarily at issue. SDCL 1-33-19.2 provides:

The secretary shall maintain the confidentiality of any information given to GOED or the Economic Development Finance Authority, the South Dakota Development Corporation, and the Board of Economic Development.

[¶23.]     SDCL 1-52-3.4 (formerly SDCL 1-33-19.1) provides:

All information received by the Governor's Office of Economic Development shall be open to public inspection if it appears to the secretary that such inspection may assist in carrying out or furthering the purposes of the office, except if the provider of such information requests that the information remain confidential and not be open to public inspection. The secretary shall supply at cost, copies of any such information.

[¶24.]     The question is whether these statutes give the Secretary a clear and unequivocal duty to make the invitation list available and open for public inspection.

[¶25.]     Since statutes must be construed according to their intent, the intent must be determined from the statute as a whole, as well as enactments relating to the same subject. Moss v. Guttormson, 1996 SD 76, ¶10, 551 NW2d 14, 17 (citing U.S. West Communications, Inc. v. Public Util. Comm'n, 505 NW2d 115, 122-23 (SD 1993)). But, in construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result. *Id.* "[W]here statutes appear to conflict, it is our responsibility to give reasonable construction to both, and if possible, to give effect to all provisions under consideration, construing them together to make them 'harmonious and workable.'" Wiersma v. Maple Leaf Farms, 1996 SD 16, ¶4, 543 NW2d 787, 789.

[¶26.]     GOED was originally created within the Department of Executive Management. *See* SDCL 1-33-15 (transferred to §1-52-3.1 by 2005 SDSessL ch 10, §10). In 2003 Executive Reorganization Order 2003-01 abolished the Department of

Tourism and created the Department of Tourism and State Development. 2003 SDSessL ch 272, §§58 and 59. GOED and its functions were transferred from the Department of Executive Management to the Department of Tourism and State Development. SDCL 1-52-3. The duties of the Governor's Commissioner for Economic Development were transferred to the Secretary of the Department of Tourism and State Development. SDCL 1-52-3. However, SDCL 1-33-18 through 1-33-19.2 were not transferred to SDCL ch 1-52 at that time.[4] In 2005 the legislature corrected various references in the statutory code. *See* 2005 SDSessL ch 10. SDCL 1-33-18 to 1-33-19.1 were transferred to SDCL 1-52-3.2 to 1-52-3.4. 2005 SDSessL ch 10, §§14 to 16. Inexplicably, SDCL 1-33-19.2 was left behind in SDCL ch 1-33.

[¶27.]        SDCL 1-33-19.2 requires the Secretary to "*maintain* the confidentiality" of any information given to GOED or the Economic Development Finance Authority, the South Dakota Development Corporation, and the Board of Economic Development.[5] (emphasis added). Other statutes protect certain

---

4.     SDCL 1-33-18 addressed the purpose of GOED. SDCL 1-33-19 outlined the functions of GOED. SDCL 1-33-19.1 and 1-33-19.2 both addressed the treatment of information in the possession of GOED.

5.     Argus Leader argues that the title of the statute, "Confidentiality of *certain* information," is significant in determining its meaning. (emphasis supplied). Argus Leader relies on LaBore v. Muth, 473 NW2d 485, 488 (SD 1991) which held "[w]hen called upon to construe statutes, this court may look to the legislative history, title, and the total content of the legislation to ascertain the meaning." Argus Leader's reliance is misplaced. In *LaBore*, the Court relied on three cases: In re Certification of Question of Law, 402 NW2d 340 (SD 1987); Oahe Conservancy Subdistrict v. Janklow, 308 NW2d 559 (SD 1981); and Elfring v. Paterson, 66 SD 458, 285 NW 443 (1939). A review of those cases indicates that by the word "title" the Court was referring to the title of the legislative act, not the heading of the statute. *In re Certification of Question of Law,* 402 NW2d at 342 (the court may refer to the title of the legislation in an effort to interpret the statute at issue); *Elfring*, 285 NW at 445 (the language of the act, including its title, the history of its enactment,

information provided to the agencies listed in SDCL 1-33-19.2. SDCL 1-16B-14.1 protects trade secrets and commercial or financial information received by the Economic Development Finance Authority. SDCL 1-16G-11 protects trade secrets and commercial or financial information received by the Board of Economic Development or GOED.

[¶28.] The plain and ordinary meaning of "maintain" is "to continue; carry on; . . . to preserve or keep in a given condition." The American Heritage Dictionary 757 (2d College ed 1982). SDCL 1-33-19.2 must be considered together with SDCL 1-16B-14.1 and SDCL 1-16G-11. Contrary to the Secretary's argument, SDCL 1-33-19.2 does not create confidentiality for information, rather it mandates that the Secretary continue (*i.e.* maintain) the confidentiality of confidential information received by agencies under his authority. The invitation list itself is not a trade secret or other confidential information that is covered by SDCL 1-33-19.2. However, this determination does not mandate disclosure, particularly when the statute is considered in conjunction with its companion statute, SDCL 1-52-3.4, and the law that is applicable to mandamus.

[¶29.] SDCL 1-52-3.4 provides that "[a]ll information received" by  GOED

---

and the state of the law already in existence bearing on the subject, are all properly considered by the courts in arriving at the legislative intention); *Oahe Conservancy Subdistrict*, 308 NW2d at 562 (where the court recognized that legislative history may assist in determining the meaning of a statute but made no reference to any analysis of the title). This Court has held that the "title or heading of a statute may not be used to lessen or expand the meaning of the statute." *In re Certification of Question of Law*, 402 NW2d at 343 (citing Olson v. City of Sioux Falls, 63 SD 563, 262 NW 85, 86 (1935)). *See also* SDCL 2-14-9 ("Source notes, cross-references, and titles whether designating entire titles, parts, chapters, sections, or subdivisions, constitute no part of any statute."); Brim v. SD Board of Pardons & Paroles, 1997 SD 48, ¶15, 563 NW2d 812, 815.

"shall be open to public inspection if it appears to the secretary that such inspection may assist in carrying out or furthering the purpose of the office, except if the provider of such information requests that the information remain confidential and not open to public inspection." Here, the right to public inspection is conditional. Under this statute the legislature has given the Secretary discretion as to most of the information received by GOED. The provider of the information may prevent the Secretary from exercising his discretion. By its plain wording SDCL 1-52-3.4 limits disclosure of GOED information to that which "may assist in carrying out or furthering the purpose of the office[.]" Further, the statute gives the Secretary the discretion to make that determination.

[¶30.] In this case the Secretary averred that some of the persons invited to the Governor's Hunt are specifically targeted business prospects and individuals in the business community of South Dakota who can facilitate the expansion or introduction of business in South Dakota. The prospects "are considered in an ongoing deliberative manner to target them for additional communication and solicitation." The Secretary further stated that when a list of attendees of the Governor's Invitational Buffalo Roundup was released, it was used by others for solicitation and resulted in an adverse reaction by attendees. The Secretary further stated that public dissemination of the list could lead to the disruption of business opportunities and business development. Thus, the Secretary determined that disclosure of the Governor's Hunt list did not "assist in carrying out or furthering the purpose" of GOED. The Secretary exercised the discretion allowed to him under the statute and declined to make the list available to the public.

[¶31.] This Court has previously recognized "the State's need for some modicum of confidentiality" while operating in the arena of private enterprise. Breck v. Janklow, 2001 SD 28, ¶28, 623 NW2d 449, 458. "We should not adopt an interpretation of a statute that renders the statute meaningless when the [l]egislature obviously passed it for a reason." Peterson v. Burns, 2001 SD 126, ¶30, 635 NW2d 556, 567-568 (citing Faircloth v. Raven Ind., Inc., 2000 SD 158, ¶9, 620 NW2d 198, 202). The legislature has created a statutory scheme that protects certain confidential information and allows for disclosure of other information under certain circumstances.

[¶32.] Moreover, when read in harmony, SDCL 1-27-1, 1-27-3, 1-27-33, 1-33-19.2 and 1-52-3.4 fail to provide the Secretary with a clear and unequivocal duty to provide public inspection of the invitation list and mandamus cannot issue.

### D. Executive Privilege

[¶33.] Secretary Hagen also argues that he is entitled to keep the invitation list confidential on the basis of executive privilege. Given our analysis above, it is not necessary to reach this issue.

### E. Constitutional Issues

[¶34.] This Court allowed the Associated Press, South Dakota Broadcasters' Association, and South Dakota Newspaper Association to submit an amicus curiae brief in which they raise for the first time arguments that SDCL 1-33-19.2 violates the First Amendment to the United States Constitution. This claim was not previously raised by Argus Leader or considered by the trial court. Because the trial court did not rule on this issue, we decline to consider it. Beckel v. Gerber, 1998 SD 48, ¶24, 578 NW2d 574, 579 (citing Carr v. Core Indus., 392 NW2d 829,

830 (SD 1986); Mash v. Cutler, 488 NW2d 642, 648 (SD 1992)). We also note that the Attorney General did not have an opportunity to participate before the trial court. "[W]hen an adjudication of unconstitutionality may seriously affect the general public, it is proper for the Attorney General to appear on behalf of the [l]egislature and the people." West Two Rivers Ranch v. Pennington Cty., 1996 SD 70, ¶15, 549 NW2d 683, 687. *See also* SDCL 15-6-24(c).

[¶35.] We have recognized an exception when the constitutional question is a matter of considerable importance to the public policy of the state. Boever v. Board of Accountancy, 526 NW2d 747, 751 (SD 1995) (citing Sharp v. Sharp, 422 NW2d 443, 446 (SD 1988)). However, we have not automatically followed this exception unless the matter is an "existing emergency." *Id.* As we stated in Johnson v. Powder River Transp., 2002 SD 23, 640 NW2d 739:

> While this is a matter of substantial importance, this is not a matter of existing emergency. Given the situation as it is presented on appeal, we do not reach the issue. The people have a right to present their arguments, and that opportunity is waiting.

*Johnson*, 2002 SD 23, ¶32, 640 NW2d at 745 (citing *Sharp*, 422 NW2d at 446).

CONCLUSION

[¶36.] This case involves a question of statutory construction. The constitutional issue is not before us for the reasons expressed above. The remedy sought by the Argus Leader lies with the legislature. There is no statutory provision which creates a clear and unequivocal duty for the Secretary to make the invitation list available to the public. Absent such a duty, mandamus is not appropriate. The trial court did not abuse its discretion in denying the writ.

[¶37.] Affirmed.

#24191

[¶38.]    SEVERSON, VON WALD, RUSCH and JENSEN, Circuit Judges, sitting by appointment, concur.

[¶39.]    BASTIAN, SEVERSON, VON WALD, RUSCH, and JENSEN, Circuit Judges, sitting for GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER, and MEIERHENRY, Justices, disqualified.